By the Court :
We are clearly of opinion that there is no character of tenancy in common between the owners of section 1, township 1, range 24, .and section 4, in the same town and range, and.their respective annexations out of the fraction supposed to contain two thousand •seven hundred and eighty-three acres. These allotments were made by the directors of the company for the express purpose of vesting in the respective claimants distinct and separate rights. There is no reason that can be urged to make them tenants in •common of the annexations which would not equally apply to the principal sections allotted to each; and this has never been pretended.
*19 The original division of the fraction, from which the annexations were made, had no reference to any joint or connected interest between those amongst whom it was divided, and the mere circumstance that their separate interests were thus brought into the same vicinity, can give no joint or common character to thdse interests. The annexation, by acres, shows that so many acres were deemed sufficient to equalize the allotments made to each, and we conceive that the actual contents of the fraction can neither enlarge nor diminish the quantity annexed in this case, because the claim of each to his separate annexation was distinct from and independent of the other. If there had been a deficiency, each party entitled to the annexation must have been satisfied in the order of his claim, and the one who in point of law was last, must have been thrown upon the company for compensation or bear the 'loss.
Independent of this, we are of opinion that those who claim the annexation to section 4, of township 1, range 23, are directly interested in the decision to be made, and ought to be parties to the cause. If the other ground were not sufficient, we should be compelled to dismiss the bill for want of proper parties.
Dili dismissed on the merits.